# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY DENZO KAZEMI,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>JEREMY CASEY, in his official capacity as Warden of the Imperial Regional Detention Facility; DAVID MARIN, in his official capacity as Field Office Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations Los Angeles Field Office; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAM BONDI, in her official capacity as Attorney General of the United States,<br><br>　　　　　　　　Respondents. | Case No.:  25cv1926 DMS (DEB)<br><br>**ORDER GRANTING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER** |

　　　Petitioner's renewed motion for temporary restraining order and to show cause re: preliminary injunction came on for hearing on October 6, 2025.  Michel Paradis, Jason Wright, and Patrick Fields appeared for Petitioner, and Glen Dorgan appeared for Respondents.  After reviewing Petitioner's brief, the record, the relevant legal authority, and hearing argument from counsel, the Court granted the motion and ordered Petitioner's

release from custody forthwith. This order briefly confirms and sets out the Court's reasoning for that decision.

In the present motion, Petitioner raised an argument that was not raised explicitly in his original motion, namely, that the *Zadvydas* presumption of reasonable detention does not apply in cases of re-detention. Rather, in cases of re-detention, the Government bears the "burden to show a significant likelihood that the alien may be removed." *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025). *See also Nguyen v. Hyde*, ___ F.Supp.3d ___, No. 25-cv-11470, 2025 WL 1725791, at *3 (D. Mass. June 20, 2025); *Tadros v. Noem*, No. 25-cv-4108, 2025 WL 1678501, at *3 (D.N.J. June 13, 2025) (same); 8 C.F.R. § 241.13(i)(2) (stating alien's supervised release may be revoked and alien may be returned to custody "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.")

Looking at this case through that lens, Petitioner has shown a significant likelihood of success on his *Zadvydas* claim. Respondents' assertion that they are in the process of finding a third country willing to accept Petitioner does not demonstrate there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. And in their responses to the petition and the present motion, Respondents failed to provide any evidence of progress on that front. They simply rely on the *Zadvydas* presumption and stand on their unsupported assertion that efforts to remove Petitioner "remain pending." (Resp. at 2, ECF No. 28.) On this record, and under the correct standard, Petitioner has demonstrated a likelihood of success on his *Zadvydas* claim. Petitioner has also shown the balance of the *Winter* factors are met, as set out in his motion.

In accordance with the Court's oral ruling yesterday and this written order, the parties are ordered to file a Joint Status Report on or before **October 10, 2025**, confirming

///

///

///

2

that Petitioner has been released. In that Report, the parties shall also provide their respective positions on whether a further order on the Petition is necessary or if the case may be dismissed as moot.

**IT IS SO ORDERED**.

Dated: October 7, 2025

Hon. Dana M. Sabraw
United States District Judge