# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY DENZO KAZEMI,<br><br>    Petitioner,<br><br>vs.<br><br>JEREMY CASEY, in his official capacity as Warden of the Imperial Regional Detention Facility; et al.,<br><br>    Respondents. | Case No. 25cv1926 DMS DEB<br><br>**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS** |

      Petitioner is a 53-year-old citizen of Iran who entered the United States as a legal permanent resident in 1976, when he was four years old. In 2004, Petitioner pled guilty to a serious drug trafficking offense in the United States District Court for the Northern District of Texas for which he was sentenced to 84 months imprisonment. The United States Immigration and Customs Enforcement ("ICE") initiated removal proceedings against Petitioner based on his conviction, and an immigration judge ordered him removed despite a claim of persecution in Iran and request for deferral of removal under the Convention Against Torture ("CAT"). On administrative review, the Board of Immigration Appeals reversed the immigration judge's denial of relief under the CAT. (Decl. of Rey Denzo Kazemi in Supp. of Mot. ("Kazemi Decl."), Ex. A, ECF No. 2-2.) On remand, the immigration judge upheld his removal order, but deferred Petitioner's removal to Iran under the CAT. (Kazemi Decl., Ex. B.) In June 2008, after Petitioner served his custodial term for his drug conviction, ICE released Petitioner from civil immigration detention and placed him under an Order of Supervision that required him to regularly report to ICE. (Kazemi Decl. ¶ 8.). On July 10, 2025, Petitioner reported to ICE, who advised Petitioner that his order of supervision was being revoked and that he was going to be detained.

On July 30, 2025, Petitioner filed the present case alleging claims for (1) violation of due process (arbitrary revocation of release), (2) violation of 8 C.F.R. §§ 241.4(1) and 241.13(i), (3) violation of 8 U.S.C. § 1231, (4) violation of due process (arbitrary detention), and (5) violation of due process (conditions of confinement). He also filed a motion for TRO seeking "his immediate release pending the resolution of his habeas corpus petition because the illegality of his arrest and continued detention is flagrant." (Mot. at 2, ECF No. 2-1.). This Court denied that motion on August 15, 2025, finding that "[o]n the present record, Petitioner has failed to show a likelihood of success on his due process claims under *Zadvydas* or 8 C.F.R. § 241.4." (Order, at 11, ECF No. 27).

After the close of briefing on the merits of the petition, Petitioner filed a renewed motion for a temporary restraining order seeking his immediate release. At a hearing on October 6, 2025, this Court orally granted that motion. The following day, this Court issued a written order stating the Court's finding that "Petitioner raised an argument that was not raised explicitly in his original motion, namely, that the *Zadvydas* presumption of reasonable detention does not apply in cases of re-detention. Rather, in cases of re-detention, the Government bears the burden to show a significant likelihood that the alien may be removed." (Order, at 2, ECF No. 33) (quotations omitted). This Court concluded that "Respondents' assertion that they are in the process of finding a third country willing to accept Petitioner does not demonstrate there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. And in their responses to the petition and the present motion, Respondents failed to provide any evidence of progress on that front." (*Id.*). Accordingly, this Court held "On this record, and under the correct standard, Petitioner has demonstrated a likelihood of success on his Zadvydas claim. Petitioner has also shown the balance of the *Winter* factors are met, as set out in his motion" (*Id.*).

This Court may convert an interim ruling into a "final adjudication on the merits … so long as the procedures do not result in prejudice to either party." *Glacier Park Foundation v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981). This Court granted Mr. Kazemi's motion after receiving full briefing on the merits and conducting two hearings. This Court's

resolution of those merits – specifically that the "the Zadvydas presumption of reasonable detention does not apply in cases of re-detention" and that the government did not carry its burden to demonstrate "a significant likelihood that Petitioner will be removed in the reasonably foreseeable future" – resolved questions of law and fact that will not change as the result of further litigation.

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is GRANTED.

Dated:  October 17, 2025

_____
Hon. Dana M. Sabraw
United States District Judge